James HUDGINS

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY.

Supreme Court of Tennessee.

May 1, 1972.

———◆———

C. Allen High, Nashville, for petitioner-appellee.

Joseph G. Cummings, Nashville, for defendant-appellant.

OPINION

McCANLESS, Justice.

James Hudgins filed his petition for an award of benefits of the Workmen's Compensation Law against the insurer of his former employer, Capitol Engraving Company. We will refer to him in this opinion as the petitioner. He alleged that he had contracted infectious eczematoid dermatitis, an occupational disease, on both his hands, while employed by Capitol Engraving Company, and that as a result he suffered permanent disability. The defendant denied that the petitioner had suffered any disability, temporary or total, as he had charged.

The case was tried on the testimony of the petitioner and his wife who testified in person, on the discovery deposition of the petitioner, and the deposition of Dr. Richard C. Light, the dermatologist who had treated the petitioner. The court found and adjudged that the petitioner was employed by Capitol Engraving Company on December 31, 1968, at which time he had contracted the occupational disease, dermatitis, in the course of his employment; that the defendant was the insurer of Capitol Engraving Company, as provided by the Workmen's Compensation Law, and that the petitioner "retains a 35% permanent partial disability to the body as a whole as a result of said occupational disease; that petitioner is entitled to be reimbursed $42.00 medical expense."

The defendant has appealed and assigned errors.

The petitioner was employed by Capitol Engraving Company as an apprentice plate maker for about two years until sometime in November, 1969. During the latter part of December, 1968, he sustained an abrasion on a finger of his left hand. Soon afterwards he develped a rash, similar to poison ivy. It spread to the back of his hand and then to his right hand. He consulted Dr. Richard C. Light who diagnosed his condition as eczematoid dermatitis and attributed it to his contact with ammonium chromate, a chemical compound used in the plate making process.

Dr. Light treated the petitioner, first with x-ray and then with an ointment until March 11, 1969, when he discharged him.

The condition recurred and Dr. Light again treated him from April 9 until June 18, 1969, and in September, 1969. He advised the petitioner to change his type of work, explaining that to continue "would sensitize him to a lot of other things."

The petitioner left his employment with Capitol Engraving Company on November 21, 1969, and in December went to work with Rand-McNally and Company, where he handled paper but was not engaged in plate making and had no contact with ammonium chromate. His dermatitis returned and he went back to Dr. Light who treated him again. He continued his employment with Rand-McNally until that company laid him off on January 11, 1971, because of lack of work.

The petitioner was unemployed and received unemployment compensation benefits for twenty-six weeks. During that time his dermatitis disappeared.

Dr. Light advised the petitioner "to stay away from the printing industry in any form." He testified that the petitioner had contact dermatitis while he worked for Rand-McNally, that in his opinion some substance in the printing plant caused him to "break out", and that the petitioner was exposed to the same hazard at the Rand-McNally plant as at the Capitol Engraving plant.

The petitioner's next, and so far as the record shows, his present, employment has been with General Electric Company. The petitioner testified that he now has a breaking out on his left arm and left foot which impairs the wearing of shoes to some extent, and that hand soaps irritate him. The petitioner lost no time from work because of the dermatitis.

From the testimony both of the petitioner and of Dr. Light we find that the petitioner was injuriously exposed to contact dermatitis during his employment by Rand-McNally and Company which employment was after he was injuriously exposed to the hazards of the same disease while he had been employed by Capitol Engraving Company.

Section 50–1106, T.C.A., provides:

"When an employee has an occupational disease that is covered by the Workmen's Compensation Law, the employer in whose employment he was last injuriously exposed to the hazards of the disease, and the employer's insurance carrier, if any, at the time of the exposure, shall alone be liable therefor, without right to contribution from any prior employer or insurance carrier."

Our Court has explained this section thus:

"The purpose of the statute was to fix a definite time for determining which employer and insurer is liable, and to avoid inquiry as to when the disease, its cause or causes, or the resulting temporary disability, came into existence, which are often questions too difficult, uncertain, or speculative, to admit of satisfactory proof." Tenn. Tufting Co. v. Potter, 206 Tenn. 620, 337 S.W.2d 601 [1960].

The defendant's demonstration that the petitioner was injuriously exposed to the disease during the second employment has the effect of absolving the first employer and its insurance carrier of liability. In the circumstances it was not necessary that the second employer be a party to the suit or that its liability should be adjudged.

We therefore dismiss the petition at the petitioner's cost.

DYER, C. J., CRESON and HUMPHREYS, JJ., and MILES, Special Judge, concur.